UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SUSAN SCHNEIDERMAN,

                    Plaintiff,          Civil Action No.: _____
                                                     COMPLAINT

     -against-

LAW OFFICES OF MITCHELL N. KAY, P.C.,
WILLIAM W. SIEGEL and WILLIAM W. SIEGEL
& ASSOCIATES, ATTORNEYS AT LAW, LLC,
Successor in Interest to Law Offices of
Mitchell N. Kay, P.C.,
                    Defendants.
-----------------------------------------------------------------x



       Plaintiff, SUSAN SCHNEIDERMAN, by her undersigned counsel, complaining of the Defendants, states as follows:

## JURISDICTION

1. This action arises out of Defendants' violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in and reside in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff is an adult individual residing in Bridgeport, Connecticut. Plaintiff is a "consumer" within the meaning of Section 803 of the FDCPA, 15 U.S.C. § 1692a(3), in that the alleged debt that the Defendants sought to collect from her was originally incurred, if at all, for personal, family or household purposes and is therefore a consumer debt within the meaning

of 15 U.S.C. § 1692a(5).

4. Upon information and belief, Defendant Law Offices of Mitchell N. Kay, P.C. ("MNK") is a professional corporation which, during the relevant period, conducted its business from offices at 7 Penn Plaza, New York, New York. At all times herein relevant, MNK operated as a collection agency and engaged in business as a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

5. Upon information and belief, Defendant William W. Siegel & Associates, Attorneys at Law, LLC ("WWS") is a professional service limited liability company formed in or around May 2009. WWS operates as a collection agency from offices located at 7 Penn Plaza, New York, New York and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

6. Upon information and belief, Defendant William W. Siegel ("Attorney Siegel") is and was at all relevant times an attorney licensed to practice law in the State of New York and maintaining an office at 7 Penn Plaza, New York, New York. At all times herein relevant, Attorney Siegel was engaged in business as a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

7. Upon information and belief, at all times herein relevant, through at least May 2010, Attorney Siegel was employed by MNK and held the title of "managing attorney" at MNK. Attorney Siegel is also the manager and principal officer of WWS.

8. Upon information and belief, at all times herein relevant, Attorney Siegel had full supervisory control over MNK's collection operations and employees engaged in collection of consumer accounts.

9. Upon information and belief, in or around June 2010 the business of MNK was subsumed by, assumed by, merged into, taken over by or transferred to WWS.

10. In furtherance the takeover, merger, transfer, assumption or subsuming of MNK's business, MNK included the following statement on correspondence sent to consumers in or around April and May, 2010: "Effective 6/1/10 your account referenced will be handled by William W. Siegel Associates, Attorneys at Law, LLC, who will be taking over in it's entirety the Law Offices of Mitchell N. Kay PC collection attorney practice."

11. Upon information and belief, Tashiem Mayo, MNK's former "Manager of Collection Operations," became an employee of WWS as of on or about June 1, 2010.

12. Upon information and belief, MNK's telephone numbers, 212-695-8155 and 800-247-4720, became WWS' telephone numbers as of on or about June 1, 2010.

13. WWS succeeded to the business of MNK and is responsible for its liabilities, including liabilities arising from violations of the FDCPA.

## FACTS APPLICABLE TO ALL COUNTS

A. The Debt

14. Several years prior to October 23, 2009, the Plaintiff was granted charge and credit privileges by American Express (the "Creditor" or "Amex").

15. Plaintiff used her Amex privileges and incurred financial obligations which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. §1692a(5).

16. In or around October 2008, a dispute arose between Plaintiff and Amex. The dispute was not resolved and, as a result, Amex cancelled Plaintiff's privileges and declared Plaintiff's account to be in default.

17. The amounts remaining due on Plaintiff's account with Amex (the "Debt") were placed with MNK for collection.

3

18.     MNK, acting through Attorney Siegel and others, attempted to collect the Debt. As such, MNK, Attorney Siegel and others each engaged in "communications" as defined in 15 U.S.C. §1692a(2).

B. Settlement of the Debt

19.     On or about October 23, 2009, MNK contacted the Plaintiff an offered Plaintiff the opportunity to settle the Debt.

20.     Plaintiff informed MNK that the Debt was disputed.

21.     On behalf of Amex, MNK offered to accept the sum of $8,800 in settlement of the Debt which, according to MNK, amounted to $21,921.31. The settlement was required to be paid in two installments: $3,000 on October 30, 2009 and $5,800 on November 27, 2009.

22.     Plaintiff informed MNK that she did not agree with MNK's statement of the amount due. Rather, the amount due the Creditor, if anything, was substantially lower than $21,921.31.

23.     Plaintiff reviewed the offer, determined that it was reasonable and accepted the offer in lieu of engaging in a protracted dispute.

24.     By letter dated October 23, 2009 MNK, through its Manager of Collection Operations, Tashiem Mayo, confirmed the settlement terms.

25.     Upon information and belief, Mr. Mayo and the settlement were subject to supervision by Attorney Siegel.

26.     Plaintiff fully complied with the terms of the settlement.

C. Defendants' Unfair and Deceitful Collection Practices

27.     In or around January, 2010, Plaintiff received a Notice advising that Amex

4

reported the sum of $13,121.31 to the Internal Revenue Service as income received by the Plaintiff by reason of "forgiveness" of a debt and pursuant to 26 U.S.C.A. § 61(a)(12).

28. Upon information and belief, the amount reported as income represents the difference between the alleged Debt amount of $21,921.31 and the $8,800 paid.

29. The term "forgiveness" was not used by any participant in the transaction and agreement concerning settlement of the Debt or any part thereof.

30. The Defendants failed to inform Plaintiff of any potential tax consequences associated with acceptance of a settlement offer.

31. Plaintiff would not have accepted the settlement offered if it had been disclosed that Amex could report as income the difference between the alleged Debt and the amount paid.

32. Defendants knew or should have known that Amex intended to report as income to the Plaintiff the difference between the alleged Debt and the amount paid.

33. The Defendants knew and anticipated that disclosure to Plaintiff of the prospect of added tax liability would

    (a) undermine their ability to achieve a settlement of the Debt,

    (b) undermine their ability to obtain payment, and

    (c) undermine their ability to earn fees in connection with the Debt.

34. The Defendants intentionally concealed the foregoing information from the Plaintiff and thereby induced the Plaintiff to accept the settlement.

35. Upon information and belief, the Defendants adhere to a policy whereby consumers are not informed of the potential tax consequences associated with settlement of their debts.

36. Upon information and belief, Attorney Siegel is responsible for implementation,

approval and oversight of the policy whereby potential tax consequences of settlements with creditors is not disclosed to consumers.

D. Plaintiff Incurred Actual Damages

37. As a result of the foregoing, Plaintiff incurred an additional income tax liability of $3,600.00.

38. As a result of Defendants' actions, Plaintiff suffered from anxiety, mental anguish, embarrassment and emotional distress.

## COUNT I

### VIOLATIONS OF THE FDCPA
### 15 U.S.C. §1692e(2)(A)

39. Section 807(2)(A) of the FDCPA, 15 U.S.C. §1692e(2)(A), provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * * * * *
>
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt

40. Defendants misrepresented the character, amount and legal status of the Debt by, among other things, representing, directly or indirectly, that the Plaintiff would owe nothing further in connection with the Debt once the agreed settlement was paid.

41. Defendants misrepresented the character, amount and legal status of the Debt by, among other things, omitting disclosure of the potential tax consequences associated with settlement of the Debt.

42. By virtue of Defendants' violations of 15 U.S.C. §1692e(2)(A), the Plaintiff is

6

entitled to recover statutory damages of $1,000.00, actual damages of no less than $3,600.00 and costs and reasonable attorneys fees.

## COUNT II

### VIOLATIONS OF THE FDCPA
### 15 U.S.C. §1692e(10)

43. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein at length.

44. Section 807(10) of the FDCPA, 15 U.S.C. §1692e(10), provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * * * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45. Defendants used false representations and deceptive means to collect or attempt to collect the Debt by, among other things, representing, directly or indirectly, that the Plaintiff would owe nothing further in connection with the Debt once the agreed settlement was paid.

46. Defendants used false representations and deceptive means to collect or attempt to collect the Debt by, among other things, omitting disclosure of the potential tax consequences associated with settlement of the Debt.

47. By virtue of Defendants' violations of 15 U.S.C. §1692e(10), the Plaintiff is entitled to recover statutory damages of $1,000.00, actual damages of no less than $3,600.00 and costs and reasonable attorneys fees.

## COUNT III

## VIOLATIONS OF THE FDCPA
## 15 U.S.C. §1692f

48. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein at length.

49. FDCPA Section 808, 15 U.S.C. §1692f, provides in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

50. The acts and practices complained of herein constitute the use of unfair and unconscionable means to collect or attempt to collect a debt.

51. By virtue of Defendants' violations of 15 U.S.C. §1692f, the Plaintiff is entitled to recover statutory damages of $1,000.00, actual damages of no less than $3,600.00 and costs and reasonable attorneys fees.

## COUNT IV

## VIOLATIONS OF NEW YORK GBL § 349

52. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein at length.

53. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

54. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

55. The Plaintiff suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, increased tax liabilities, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment

caused by the Defendants.

56. By virtue of the foregoing, Plaintiff is entitled to recover her actual damages, trebled, together with reasonable attorneys' fees.

## COUNT V

## COMMON LAW FRAUD

57. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein at length.

58. The acts and practices complained of herein constitute common law fraud under the laws of the State of New York.

59. By virtue of the foregoing, Plaintiff is entitled to recover damages in the amount of $3,600, punitive damages in the amount of $7,200 and reasonable attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be awarded in her favor and against the Defendants as follows:

A) Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

B) Awarding reasonable attorney fees, litigation expenses and costs.

C) Awarding actual damages.

D) Awarding punitive damages and/or treble damages.

E) Granting such other and further relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  Stamford, CT
        October 21, 2010      LEMBERG & ASSOCIATES L.L.C.
*Attorneys for Plaintiff*

By:    _____
Sergei Lemberg (425027) E331
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com